IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE HAND PROMOTIONS, INC.,

    Plaintiff,                       No. CIV S-10-920 LKK DAD (TEMP)

    v.

VICTORIA JUAREZ, INDIVIDUALLY
and d/b/a VICTORIA'S MEXICAN FOOD.

    Defendant.                    FINDINGS & RECOMMENDATIONS
_____/

        This matter came before the court on January 21, 2011, for hearing of plaintiff's motion for default judgment against defendant Victoria Juarez, individually and doing business as Victoria's Mexican Food. (Doc. No. 14). Andre LeLievre appeared for Thomas P. Riley on behalf of plaintiff. No appearance was made by or on behalf of defendant at the hearing.[1]

        Plaintiff's counsel indicated at the hearing that he has had no contact with defendant since the filing of the action. The court's docket reflects that defendant has not filed any motion for relief from the Clerk's Entry of Default on August 13, 2011, nor any opposition to plaintiff's motion for entry of default judgment despite being served with both. Upon hearing

---

[1] After the hearing and announcement of the court's ruling on the matter and adjournment of the court, defendant's son appeared in court. However, defendant, having made no appearance in the action and proceeding without counsel, cannot be represented by her son.

1

argument, the court took plaintiff's motion under submission.

For the reasons set forth below, the undersigned recommends that plaintiff's motion be granted and that default judgment be entered against defendant.

## BACKGROUND

Plaintiff Joe Hand Promotions, Inc. is a closed-circuit distributor of sports and entertainment programming. Defendant Juarez operates a restaurant called "Victoria's Mexican Restaurant" at 526 W. Benjamin Holt Dr. #G in Stockton, California. By contract, plaintiff was granted exclusive domestic closed-circuit licensing rights to the "Ultimate Fighting Championship 97: 'Redemption': Silva v. Leites," broadcast on Saturday, April 18, 2009 ("The Program"). Defendant intercepted and exhibited the program in the commercial establishment referred to above without authorization to do so.

The record reflects that defendant was properly served with process by substituted service on June 24, 2010 and default was entered on August 13, 2010. (Doc. Nos. 8 and 9.) On December 14, 2010, plaintiff filed its motion for default judgment with a proof of service reflecting service of the motion on defendant.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages,

2

however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980).  The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

ANALYSIS

I. Whether Default Judgment Should Be Entered

The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of default against defendant, and the affidavits submitted in support of the motion for summary judgment establish the following circumstances:  (1) defendant Juarez is the owner, operator, licensee, permitee, person in charge, or person with control over the commercial establishment at issue in this action; (2) by contract, plaintiff was granted exclusive domestic closed-circuit licensing rights to the Program; (3) pursuant to the contract, plaintiff entered into sublicensing agreements with various commercial entities throughout North America by which it granted those entities limited sublicensing rights to exhibit the Program to their patrons within their establishments; (4) as a commercial distributor of sporting events, plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the program to its customers; (5) with full knowledge that the program was not to be intercepted, received, and exhibited by unauthorized entities, defendant exhibited the program at the time of its

transmission and did so willfully and for purposes of commercial or private gain at both locations; and (6) defendant violated either 47 U.S.C. § 553 or 47 U.S.C. § 605.

Plaintiff seeks enhanced statutory damages for willful violation of the Communications Act, 47 U.S.C. § 605 and for willful violation of the Cable & Television Consumer Protection & Competition Act, 47 U.S.C. § 553.[2]  Under section 605, statutory damages may be awarded between $1,000 and $10,000 for violation of the Federal Communications Act and up to $100,000 when the violation "was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).  Statutory damages are allowed under section 553 of $250 to $10,000 or up to $50,000 for willful violations.  47 U.S.C. § 553(c)(3).  Because defendant has not appeared in this action and plaintiff has been precluded from conducting discovery, the precise means of transmission cannot be ascertained.  In any event, however, the court will recommend statutory damages in an amount which is allowed under either statute.

After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint support plaintiff's claims.  Plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered due to the defendants' failure to pay for the right to exhibit the Program.

In light of the entry of default against the defendants, there is no apparent possibility of a dispute concerning the material facts underlying the action.  Nor is there any indication that the defendant's default resulted from excusable neglect, as defendant was properly served with plaintiff's pleading as well as with plaintiff's request for entry of default

---

[2] Damages may not be awarded under both sections.  See J & J Sports Productions, Inc. v. Manzano, NO. C 08-01872 RMW, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast.  But he cannot violate both by a single act of interception."); see also J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010); J & J Sports Productions, Inc. v. Prado, No. 2:07-cv-02104 GEB DAD, 2008 WL 822159, at *3 (E.D. Cal. Mar. 27, 2008); Kingvision Pay Per View, Ltd., v. Williams, 1 F. Supp. 2d 1481, 1484 (S.D. Ga. 1998).

and motion for default judgment. Defendant has had ample notice of plaintiff's intent to pursue a default judgment against her.

Although public policy generally favors the resolution of a case on its merits, the defendant's failure to make a proper appearance and defend against plaintiff's claims has made a decision on the merits impossible in this case. Because most of the <u>Eitel</u> factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be entered against the defaulted defendant.

II. <u>Terms of Judgment to Be Entered</u>

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. Upon consideration of all of plaintiff's briefing, the undersigned will recommend that damages be awarded but not in the amount requested.

By its motion for default judgment, plaintiff seeks a judgment in the total amount of $110,925. That sum consists of $110,000 for the violation of Title 47 and $925 for the tort of conversion. (Doc. No. 14.) The undersigned is mindful that the defendant was served with plaintiff's motion for default judgment and were thereby placed on notice of the amount sought by plaintiff. However, granting or denying default judgment is within the court's sound discretion, and one of the factors the court is free to consider in exercising its discretion is the sum of money at stake. See <u>J & J Sports Productions, Inc. v. Betancourt</u>, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

The affidavit of Jason Garner establishes that defendant broadcast the program to the restaurant patrons, that there were two screens in the establishment on which the Program was displayed (a 19 inch or 27 inch screen and a 72 inch pull down projection screen), that the capacity was 72 people and that at the time of the broadcast there were estimated to be 60 patrons. The supplemental affidavit of Thomas Riley advises the court of two other actions against this defendant pending in this district which allege the same violations. Based on these other filings, it is apparent that defendant not only has been on notice that pirating a commercial

signal is unlawful, but has wilfully refused to terminate her illegal activities. Under these circumstances, the court finds an award of statutory damages in the amount of $10,000 with an enhancement of $40,000, for a total award of $50,000, is appropriate.

In his declaration in support of the motion for default judgment, counsel indicates that plaintiff also seeks the award of $925 in damages for the state law tort of conversion, representing the amount defendant would have paid plaintiff to show the Program lawfully according to the rate card for the event. The undersigned will not recommend an award of damages with respect to plaintiff's conversion claim. The statutory damages provisions at issue serve not only a deterrent function, see J & J Sports Prods. v. Orellana, No. 08-05468 CW, 2010 WL 1576447, at *3 (N.D. Cal. Apr. 19, 2010), but also a compensatory function, which is evidenced by provisions that permit the award of statutory damages or actual damages in a civil action. See 47 U.S.C. § 605(e)(3)(C)(I); 47 U.S.C. § 553(c)(3)(A)(i). Here, the recommended award of statutory damages in the amount of $50,000 sufficiently compensates plaintiff. See J & J Sports Productions, Inc. v. Ferreyra, No. C 08-128 LKK KJM, 2008 WL 4104315, at *1 (E.D. Cal. Aug. 28, 2008) ("Inasmuch as plaintiff seeks statutory damages rather than actual damages, plaintiff's request for damages for conversion should be denied.").

Finally, although the prayer for relief in the complaint as well as the motion for default judgment indicates that plaintiff seeks the award of costs and attorney fees, the motion for default judgment does not contain any argument in support of such a request. Moreover, no evidence of costs or attorney fees incurred was submitted to the court in connection with the pending motion. Accordingly, the court will not recommend the award of costs and attorneys fees.

## CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Plaintiff's motion for default judgment (Doc. No. 14) against defendant Victoria Juarez, individually and doing business as Victoria's Mexican Food be granted;

2. Judgment be entered against the defendant in the sum of $50,000 consisting of $10,000 in statutory damages and $40,000 in enhanced statutory damages; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 25, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

JMM
joehand-juarez.def