1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOE HAND PROMOTIONS,
     INC.,                              NO. CIV. S-10-0920 LKK/DAD

11
               Plaintiff,
12
          v.
13                                              O R D E R
     VICTORIA JUAREZ,
14   Individually and d/b/a
     VICTORIA'S MEXICAN FOOD,
15
               Defendant.
16   _____/

17        Pending before the court is a motion by a pro se defendant to

18   set aside default judgment. Plaintiff filed this complaint on April

19   16, 2010. Defendant did not answer the complaint, and the clerk

20   entered default on August 13, 2010. On February 11, 20011, this

21   court adopted the findings and recommendations of the magistrate

22   judge, and granted plaintiff's motion for default judgment against

23   defendant Victoria Juarez individually and doing business as

24   Victoria's Mexican Food. ECF No. 20. Defendant now seeks to set

25   ////

26   ////

                                    1

1  aside the entry of judgment and default judgment.[1]

2      Fed. R. Civ. P. 55(c) directs the court to set aside entry of
3  default for good cause. Motions to set aside default judgment are
4  governed by Fed. R. Civ. P. 60(b). The "three factors derived from
5  the 'good cause' standard that governs the lifting of entries of
6  default under Fed. R. Civ. P. 55(c) govern the vacating of a
7  default judgment under Rule 60(b) as well." TCI Group Life Ins.
8  Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. Cal. 2001). A court
9  may deny a motion to vacate a default judgment if: "(1) the
10 plaintiff would be prejudiced if the judgment is set aside, (2)
11 defendant has no meritorious defense, or (3) the defendant's
12 culpable conduct led to the default." American Ass'n of
13 Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir.
14 2000). "These factors are disjunctive, and the court may deny a
15 motion to vacate entry of default if any of the three factors is
16 true. Franchise Holding II, LLC. v. Huntington Restaurants Group,
17 Inc., 375 F.3d 922, 926 (9th Cir. 2004), quoting American Ass'n of
18 Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir.
19 2000). Any doubt should be resolved in favor of setting aside the
20 default in order to decide cases on their merits. Schwab v.
21 Bullock's, Inc., 508
22 F.2d 353, 355 (9th Cir. 1974).

23      Here, defendant asserts that her failure to meet the filing
24

25      [1] Although defendant's motion only mentions the clerks entry
   of default, the court construes the motion as seeking to set aside
26 both entry of default and default judgment.

2

1   deadline was due to excusable neglect. Plaintiff asserts that she
2   suffered from a torn rotator cuff in August 2010, around the same
3   time that the complaint in this case was filed.[2] In addition,
4   plaintiff states that she "in good faith counted on [an attorney]
5   which got me nowhere but with. . . default judgment granted."
6   Def.'s Mot. to Set Aside Default 2. Defendant stated that she tried
7   to resolve this matter directly with plaintiff's counsel around the
8   time of her rotator cuff injury.

9   **A. Culpability**

10       The court finds that defendant's conduct leading to the
11  default was not culpable. "Exigent personal circumstances"
12  including a defendant's "mental state and . . , lack of familiarity
13  with legal matters" are relevant to whether conduct is culpable.
14  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir.
15  2001). Here, defendant has explained exigent personal circumstances
16  that led to her failure to timely respond to the complaint.
17  Specifically, that she suffered a rotator cuff injury around the
18  time that the complaint was filed against her. Additionally, there
19  is "no suggestion that [defendant] deliberately tried to manipulate
20  the legal system," id., in this case.

21  ////

22  ////

23  ─────────────────
24       [2] In findings and recommendations in another case involving
    the same defendant, the Magistrate Judge said that defendant's
25  "excuses are scant," and warned that further delay "in the future"
    would be cause for sanctions. Defendant's default in the instant
26  case happened at the same time, and so isn't a further delay in the
    future.

                                   3

**B. Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 700 (9th Cir. 2001). "If the defendant presents no meritorious defense, then nothing but pointless delay can result from reopening the judgment." <u>Id.</u> quoting <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986). Here, defendant has presented no such facts, although her motion asserts "I the defendant have a good and meritorious defense." Def.'s Mot. 1.

**C. Prejudice to Plaintiff**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 701. The asserted prejudice must outweigh the strong preference for resolving matters on the merits. <u>Keegel v. Key West & Caribbean Trading Co.</u>, 627 F.2d 372 (D.C. Cir. 1980). Here, plaintiff asserts that the delay will cause increased difficulties in discovery, and not merely deprivation of a quick victory. Defendant's motion is devoid of any argument as to lack of prejudice to plaintiff.

**D. Conclusion**

The court finds that the factors weigh against granting defendant's motion to set aside default judgment. Accordingly, defendant's motion, ECF No. 22, is DENIED.

IT IS SO ORDERED.

DATED:  March 28, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4